# State of Tennessee

## IN THE CIRCUIT COURT OF HAMILTON COUNTY

| | | |
|---|---|---|
| VIVIAN R. GRANT, | ) | |
| Plaintiff, | ) | NO. 20C1274 |
| vs. | ) | |
| CVS PHARMACY, INC.; CVS STORE #5694; CVS 5694 | ) | DIVISION _____ |
| TN, LLC; AIN2013 TN SODDY DAISY, LLC; AND | ) | |
| TENNESSEE CVS PHARMACY, LLC, | ) | JURY DEMANDED |
| Defendants, | ) | |

*FILED IN OFFICE*
*2020 DEC 29 PM 3:41*
*LARRY L. HENRY, CLERK*
*By ____ DC*

## SUMMONS
### SERVE THROUGH SHERIFF OF KNOX CO.

**TO:** CVS PHARMACY, INC.
c/o CT CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919-5546

You are hereby summoned to defend a civil action filed against you in the Circuit Court, Hamilton County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint

WITNESSED and Issued this _____29th_____ day of _____December_____, 20_20_

Hamilton County Circuit Court
625 Georgia Avenue
Suite 500
Chattanooga, TN 37402

By _____
Clerk/Deputy Clerk

**Attorneys for Plaintiff:** Derek Nelson, 736 Georgia Avenue Suite 100 Chattanooga, TN 37402
(423) 265-4878

**Plaintiff's Address:** Through Plaintiff's Attorney

Received this _____ day of _____, 20_____

/S/ _____
Deputy Sheriff

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at (423)209-7500*

*Rev. 03/11*

**EXHIBIT**
A

# State of Tennessee,
## County of Hamilton

I, _____, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

By _____ D.C.

Circuit Court Clerk

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20_____, I delivered a copy of the summons and complaint to the defendant, _C U S P t V X M f p F L_ ~~JAN 0 5 2021~~ REFUSED

☐ Failed to serve this summons within 90 days after its issuance because: _____ TO SIGN

_____

_____

n Boyd 525
Sheriff/Deputy Sheriff

## CLERK'S RETURN

I hereby acknowledge and accept service of the within summons and receive copy of the same, this _____ day of _____ 20_____.

_____

Defendant

By _____ D.C.

Circuit Court Clerk

## NOTICE to Defendant(s)

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

VIVIAN R. GRANT,                    )
                                    )
    Plaintiff,              )   NO: 20C1274
                                    )
vs.                                 )
                                    )   DIVISION
CVS PHARMACY, INC.; CVS STORE       )
#5694; CVS 5694 TN, LLC; AIN2013 TN )   JURY DEMANDED
SODDY DAISY, LLC; and TENNESSEE     )
CVS PHARMACY, LLC,                  )
                                    )
    Defendants.             )

FILED IN OFFICE
2020 DEC 29 PM 3:23
LARRY L. HENRY, CLERK
BY _____ DC

### COMPLAINT

Comes the Plaintiff and for her cause of action against the defendants allege as follows:

#### I.

The plaintiff is a citizen and resident of Hamilton County, Tennessee. The defendants are believed to be a foreign corporation duly organized under the laws of the State of Tennessee and operates a place of business located in Soddy Daisy, Hamilton County, Tennessee. The exact nature of the relationship between the defendants is unknown. The acts and omissions alleged herein occurred within Soddy Daisy, Hamilton County, Tennessee, so this Court has jurisdiction over this cause.

#### II.

That at all times mentioned herein, the defendants owned and operated on its premise a store known as the CVS located at 9389 Dayton Pike, Soddy Daisy, TN 37379 that was open to the general public.

#### III.

That on or around January 5, 2020, the defendants negligently caused and permitted a pallet to remain on the floor in a place allowing for the passage of the Plaintiff as well as other patrons

of CVS. Said pallet rendered the floor dangerous for use as a passage way and created a trap for the plaintiff and other patrons.

## IV.

At said time on the aforementioned date the Plaintiff was walking across the floor of said CVS in a careful and prudent manner, when her feet came in contact with the aforesaid pallet which was located on the floor of the store. As a result of this contact, the Plaintiff tripped, lost her balance and fell to the floor, striking her back, legs, arms and abdomen.

## V.

That the defendants knew or should have known that unless vigilance was used, leaving a pallet on the floor would endanger the safety of persons walking on the floor. Said pallet had been on the floor for such a period of time preceding the fall of the plaintiff that persons of ordinary prudence in the position of defendant should have known, and in the exercise of ordinary care had a reasonable opportunity to remedy the condition, prior to the fall experienced by the plaintiff. In spite of the defendants' notice of the presence of the pallet on the floor, defendants negligently failed and omitted to remove the same within a reasonable time or to take any precaution to prevent injury to the Plaintiff. The accident and injuries herein alleged were proximately caused by the negligence of the defendants in causing and permitting the pallet to remain on said floor in failing to take reasonable precautions to prevent injury to the Plaintiff.

## VI.

The plaintiff received injuries including but not limited to, an injury to the cervical, thoracic, and lumbar areas of her spine; a straining, stretching, and tearing of the muscles, ligaments, and tissues in and about her spine, which have resulted in an irritation of the spinal cord and the nerve roots extending from the spinal cord; as well as injuries to her knees, right shoulder

and abdomen. As a result of these injuries, the plaintiff required medical care and treatment, incurred substantial expense and was unable to pursue her normal activities.

VII.

The plaintiff's injuries may be permanent so that she will require future medical care and will remain unable to pursue her normal activities.

**WHEREFORE,** the Plaintiff demands:

Judgment against the defendants for $70,000.00 for compensatory damages; and a jury to try the issues when joined.

RESPECTFULLY SUBMITTED,

WARREN & GRIFFIN, PC

BY: _Derek M. Nelson_
    Derek Nelson BPR#:  033461
    Attorney for Plaintiff
    736 Georgia Avenue, Suite 100
    Chattanooga, Tennessee  37402
    (423) 265-4878

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the pleading has been served upon counsel for all parties at interest in this case through the United States Postal Service. This ___29___ day of ___Dec___, 20 _23_.

CVS Pharmacy, Inc.
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

CVS Store #5694
c/o General Manager
9389 Dayton Pike
Soddy Daisy, TN 37379

CVS 5694 TN, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

AIN2013 TN Soddy Daisy, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Tennessee CVS Pharmacy, LLC
c/o CT Corporation System
300 Montvue road
Knoxville, TN 37919-5546

WARREN & GRIFFIN, P.C.

BY: _Derek M. Nelson_
Derek Nelson

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

VIVIAN R. GRANT )

        Plaintiff, )

vs. )

                  )

CVS PHARMACY, INC.; CVS STORE )
#5694; CVS 5694 TN, LLC; AIN2013 TN )
SODDY DAISY, LLC; and TENNESSEE )
CVS PHARMACY, LLC, )

         )

        Defendants. )

NO: 20C1274

DIVISION

JURY DEMANDED

FILED IN OFFICE
2020 DEC 29 PM 3: 24
LARRY L. HENRY. CLERK
BY _____ DC

## COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all non-discretionary costs in this Court, which may at any time be adjudged against the plaintiff/petitioner in the event the plaintiff/petitioner shall not pay them.

Witness my had this ___29___ day of ___Dec___, 20 _20_.

_Derek M. Nelson_
Derek Nelson  BPR#: 033461
Warren and Griffin, P.C.
736 Georgia Avenue, Suite 100
Chattanooga, Tennessee 37402
(423) 265-4878
Facsimile 423-265-4810

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

VIVIAN R. GRANT,
        Plaintiff,

vs.

CVS PHARMACY, INC.; CVS STORE
#5694; CVS 5694 TN, LLC; AIN2013 TN
SODDY DAISY, LLC; AND TENNESSEE
CVS PHARMACY, LLC,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

NO: 20C1274

DIVISION

JURY DEMANDED

FILED IN OFFICE
2020 DEC 29 PM 3: 24
LARRY L. HENRY, CLERK
BY

## CERTIFICATE REGARDING DISCOVERY

The undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1. Plaintiff's First Set of Interrogatories to Defendant; and
2. Plaintiff's Request for Production of Documents.

                    WARREN & GRIFFIN, P.C.

                    _Derek M. Nelson_

                    Derek Nelson   (BPR# 033461)
                    Attorney for the Plaintiff
                    736 Georgia Avenue, Suite 100
                    Chattanooga, TN 37402
                    (423) 265-4878

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

VIVIAN R. GRANT, )
)
    Plaintiff, )   NO: 20C1274
)
vs. )
)   DIVISION
CVS PHARMACY, INC.; CVS STORE )
#5694; CVS 5694 TN, LLC; AIN2013 TN )   JURY DEMANDED
SODDY DAISY, LLC; and TENNESSEE )
CVS PHARMACY, LLC, )
)
    Defendants. )

## PLAINTIFF'S, FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT

    Comes the Plaintiff, pursuant to Rule 33 of the Tennessee Rules of Civil Procedure, and propounds the following interrogatories to be answered, under oath within thirty (30) days after service thereof, by the Defendants.

    In answering these interrogatories, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish information which is known by or in the possession of your employees or agents, including your attorney or any agent or investigator for you or your attorney.

    These interrogatories are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or by any person acting on your behalf, including your attorney, which will augment or otherwise modify any answers now given to these interrogatories. Such supplementary responses are to be filed and served upon this plaintiff's attorney immediately upon receipt of such information.

1.    Please state the name, address and job title of the person answering these interrogatories on behalf of the defendant and their relationship to the defendant.

**ANSWER:**

2.    Did you receive notice of this accident from plaintiff; and if so, please state:

   (a)   The date, time and place you received the notice; and

   (b)   Whether the notice was written, or oral, and, if written, the name and address of the person who has custody of it.

**ANSWER:**

3.    What is the name and address of each person or entity who, on 1/5/2020 was owner of the business known as CVS Pharmacy at 9389 Dayton Pike, Soddy Daisy, TN 37379?

**ANSWER:**

4.    What is the name and address of each person who, on 1/5/2020 was owner of the real property located at 9389 Dayton Pike, Soddy Daisy, TN 37379?

**ANSWER:**

5.    Were the premises on which the business known as CVS Pharmacy carried on subject to any lease on 1/5/2020?   If so, state the name and address of the leaser?

**ANSWER:**

6. Was any person responsible for supervising the area in which plaintiff was injured at the time of the accident; and if so, please state:

      (a)     His name and address;

      (b)     His job title;

      (c)     A description of his duties; and

      (d)     His location at the time of the accident.

**ANSWER:**


7. Was there a sales clerk, or other person, on duty in the area where plaintiff was injured at the time of the accident; and if so, please state for each person:

      (a)     His name and address;

      (b)     His job title;

      (c)     A description of his duties; and

      (d)     His location at the time of the accident.

**ANSWER:**


8. Were there any other employees on the premises at the time of the accident; and if so, please state:

      (a)     His name and address;

      (b)     His job title;

      (c)     A description of his duties; and

      (d)     His location at the time of the accident.

**ANSWER:**

9. By what means was the scene of the accident lighted at the time the plaintiff was injured?

**ANSWER:**

10. If any lighting was by direct daylight, please state:

    (a) The number of windows, or doorways, from which the light came;

    (b) The size of each window, or doorway; and

    (c) The distance of each window, or doorway, from the scene of the accident.

**ANSWER:**

11. If any lighting was by artificial means, please state:

    (a) The type of lights used;

    (b) The number of lights;

    (c) The wattage of each light; and

    (d) The distance of each light from the scene of the accident.

**ANSWER:**

12. Did you, or any employee, receive any complaint, warning, or other notice, concerning a dangerous or defective condition on the premises prior to the accident; and if so, for each complaint, warning, or other notice, please state:

    (a) The date and time it was received;

    (b) Whether it was written, or oral, and if oral, the substance of it;

    (c) The name, or other means of identification, and address of the person by whom it was given;

    (d) The name, address and job title of the person who received it;

    (e) The nature and location of the danger, or defect, to which it related; and

    (f) Whether any action was taken as a result of it, and, if so, a description of the action, and the time at which it was taken.

**ANSWER:**

13. Was an inspection made prior to the accident to determine whether the area where plaintiff was injured was in a state condition for use by customers; and if so, please state:

    (a) The frequency of such inspections;

    (b) The date and time of the last inspection prior to the accident;

    (c) The name, address and job title of the person who made the last inspection;

    (d) A description of, or the substance of, the findings that were made of the last inspection; and

    (e) Whether any instructions were given as a result of the last inspection to remove, clean or alter anything in the area of the accident, and, if so, a description of the instructions, and the name of each person to whom such instructions were given.

**ANSWER:**

14. Was any warning given to plaintiff or any other person concerning any danger in the area where the accident occurred?

**ANSWER:**

15. Was there any guardrail, barrier, or other safety device, in the area where the accident occurred; and if so, please state:

    (a) A description of it;

    (b) Its location;

    (c) Its purpose; and

    (e) Whether it was in use at the time of the accident, and, if not, the reason it was not in use.

**ANSWER:**

16. What is the name, address and job title of the person in charge of the janitorial services at the premises at the time of the accident?

**ANSWER:**

17. Has any other accident occurred on your premises in the same area as, or in a similar manner to, the accident in which plaintiff was injured; and if so, please state:

    (a) The date and time it occurred;

    (b) A description of how it occurred;

(c)  The name, or other means of identification, and address of the person to whom it occurred;

(d)  The location in which it occurred;

(e)  Whether any safety precaution was taken as a result of it, and if so, a description of such safety precaution; and

(f)  Was suit filed as a result of any or all of these other incidents; and if so, please state the style of each case, the docket number and the court where each case was filed.

**ANSWER:**

18.  Was an investigation made by you, or on your behalf, as a result of the accident?  If made by another, please state their contact information.

**ANSWER:**

19.  Did you, or any employee, make a report of the accident; and if so, please state the name of the person making the report.

**ANSWER:**

20.  Do you contend that plaintiff was not authorized to be on that part of the premises where the accident occurred?

**ANSWER:**

21. Do you have, or know of the existence of, any photographs, or diagrams relating to any matter concerning the accident?

**ANSWER:**

22. Did any person witness the accident? Please state the name, address, telephone number and employer of all witnesses that you know who witnesses this accident or who may have knowledge of any pertinent knowledge concerning this accident.

**ANSWER:**

RESPECTFULLY SUBMITTED,

WARREN & GRIFFIN, PC

BY: _Derek M. Nelson_

Derek Nelson, BPR#: 033461
Attorney for Plaintiff
736 Georgia Avenue - Suite 100
Chattanooga, Tennessee 37402
(423) 265-4878

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served on all parties at interest in this cause through the United States Postal Service on this the ___29___ day of ____Dec_____, 20 _20_ .

CVS Pharmacy, Inc.
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

CVS Store #5694
c/o General Manager
9389 Dayton Pike
Soddy Daisy, TN 37379

CVS 5694 TN, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

AIN2013 TN Soddy Daisy, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Tennessee CVS Pharmacy, LLC
c/o CT Corporation System
300 Montvue road
Knoxville, TN 37919-5546

BY: _Derek M. Nelson_____
‑Derek Nelson

STATE OF TENNESSEE:

COUNTY OF HAMILTON:

_____, being duly sworn according to law, makes oath that the statements contained in the foregoing interrogatories are true to the best of his/her knowledge, information and belief.

_____
Representative of CVS

Sworn to and subscribed before me this _____ day of _____, 20___.

_____
NOTARY PUBLIC

My Commission Expires: _____

# IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

VIVIAN R. GRANT, )
)
     Plaintiff, )    NO: 20C1274
)
vs. )
)    DIVISION
CVS PHARMACY, INC.; CVS STORE )
#5694; CVS 5694 TN, LLC; AIN2013 TN )    JURY DEMANDED
SODDY DAISY, LLC; and TENNESSEE )
CVS PHARMACY, LLC, )
)
     Defendants. )

## REQUEST FOR PRODUCTION

Comes the Plaintiff by and through her attorneys and directs this Request to Produce, pursuant to Rule 34.01 of the *Tennessee Rules of Civil Procedure* to Defendants. The items requested below shall be produced for inspection and/or photocopying at the offices of WARREN & GRIFFIN, PC 736 Georgia Avenue - Suite 100, Chattanooga, Tennessee 37402. In lieu thereof, the defendant's attorney is permitted, under this Request, to send by U.S. mail or hand delivery copies of the items requested. The items requested to be produced within the forty-five (45) day period allowed by the Tennessee Rules of Civil Procedure are as follows:

In answering these requests, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish information which is known by or in the possession of your employees or agents, including your attorney or any agent or investigator for you or your attorney.

These requests are to be regarded as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you or by any person acting on your behalf, including your attorney, which will augment or

otherwise modify any answers now given to these requests. Such supplementary responses are to

be filled and served upon this plaintiff's attorney immediately upon receipt of such information.

1. Any statement or memorandum of any statement made by the plaintiff to the defendant or to the defendant's agents, representatives or attorneys, whether said statement was oral, written, or recorded.

**ANSWER:**

2. Any photograph, video tape, drawing, rendering or other visual / audio recording made of the scene of the incident prior to or subsequent to the incident.

**ANSWER:**

3. Please produce any written procedures the defendant follows to inspect, repair, clean, sweep, wash, wax, etc., of the store.

**ANSWER:**

4. Please produce any drawings, diagrams, maps or other similar documents which depict the store layout, shelving, counters, or other physical items that appear on the floor.

**ANSWER:**

5. Please produce any discoverable documents upon which you rely or consulted in responding to plaintiff's interrogatories.

**ANSWER:**

6. Produce any and all surveillance materials including video tapes, photographs, film, tape recordings or other audio and/or visual materials which depict the plaintiff, the plaintiff's residence, or any other place where she may be found.

**ANSWER:**

7. Produce a copy of any medical records or bills you may have in your possession which relate to treatment received by the Plaintiff, whether related to the subject accident or any other treatment.

**ANSWER:**

8. Produce copies of any correspondence made between the defendants and the Plaintiff.

**ANSWER:**

9. Produce copies of any notes which any adjuster, investigator or other such person made regarding any conversation with the plaintiff.

**ANSWER:**

10. Produce copies of any incident reports of other accidents which occurred for the three years preceding Plaintiffs accident or any subsequent accidents.

**ANSWER:**

11.   If you believe any document requested in this request for production of documents is not discoverable, please identify the document, provide the identity of the custodian, the location of the document and the reason it is not discoverable.

**ANSWER:**

RESPECTFULLY SUBMITTED,

WARREN & GRIFFIN, PC

BY: _Derek M. Nelson_
    Derek Nelson BPR#: 033461
    Attorney for Plaintiff
    736 Georgia Avenue - Suite 100
    Chattanooga, Tennessee   37402
    (423) 265-4878

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the pleading has been served upon counsel for all parties at interest in this case through the United States Postal Service.

This the 29 day of Dec, 2020.

CVS Pharmacy, Inc.
c/o CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

CVS Store #5694
c/o General Manager
9389 Dayton Pike
Soddy Daisy, TN 37379

CVS 5694 TN, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

AIN2013 TN Soddy Daisy, LLC
c/o CT Corporation System
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

Tennessee CVS Pharmacy, LLC
c/o CT Corporation System
300 Montvue road
Knoxville, TN 37919-5546

Derek M. Nelson
Derek Nelson